# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 08-00316-KD-C |
| | ) |
| CHRISTOPHER ADALIKWU, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion to expunge record and memorandum of law in support filed by Defendant Christopher Adalikwu, the United States' response and Adalikwu's reply (docs. 53, 53-1, 55, 56). Adalikwu moves the Court to "order the expungement of any and all records of investigation, arrest, indictment, and/or prosecution held by any federal agency regarding" his vacated[1] conviction for violation of 18 U.S.C. § 1028A(a)(1) (aggravated identity theft) (doc. 53). Adalikwu argues that the Court has subject matter jurisdiction because the facts and circumstances are within the parameters for exercising ancillary jurisdiction set forth in *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 114 S. Ct. 1673 (1994). Adalikwu argues that ancillary jurisdiction exists to expunge his arrest record to "complete the natural consequence of dismissing [his] conviction and sentence" and therefore, return him to the "status and position before he was arrested." (*Id*., p. 12; doc. 56).

As grounds for expunction, Adalikwu points out that his conviction has been vacated. He also argues that the "facts show a prosecution that was prejudiced against [him], pursuing a prosecution that has embarrassed [him], destroyed his ability to work in his chosen profession, tainted his citizenship, and trampled on his civil rights." (doc. 53, p. 8). Adalikwu asserts that he "should never have been arrested" and that the United States "incorrectly arrested him and

---

[1] *See* Doc. 49, Opinion of the Court of Appeals for the Eleventh Circuit.

charged him with an unfounded allegation" (Id., p. 9, 12).

The United States opposes the motion. The United States argues that after *Kokkonen*, the district courts are without subject matter jurisdiction, *i.e.*, ancillary jurisdiction, to expunge a criminal record based on solely equitable grounds, such as the grounds alleged in Adalikwu's motion (doc. 55, p. 5-10). Alternatively, the United States argues that even under the pre-*Kokkonen* standard – the extreme circumstances approach – the facts and circumstances alleged in Adalikwu's motion would not warrant relief (Id., p. 10-12). The United States also argues that this Court lacks jurisdiction to order other governmental agencies to expunge their records regarding Adalikwu's criminal proceedings (Id., p. 8, 12).

Upon consideration of the motion, response and reply, the Court adopts the United States' response as the reasoning of the Court. Accordingly, Adalikwu's motion is dismissed for lack of subject matter jurisdiction. *See United States v. O'Neil*, 671 Fed. Appx. 758, 759 (11th Cir. 2016), *cert. denied,* 138 S. Ct. 245, 199 L. Ed. 2d 157 (2017) ("… the district court, by adopting the government's response, adequately placed on the record its reasons for denying O'Neil's § 3582(c)(2) motion"); *United States v. Valencia-Trujillo*, 462 Fed. Appx. 894, 897 (11th Cir. 2012) (finding the requirement that a district courts' orders "'should contain sufficient explanations of their rulings so as to provide'" the appellate court "'with an opportunity to engage in meaningful appellate review'" did not "prohibit a district court from incorporating a party's argument as the basis and explanation for its ruling.") (quoting *Danley v. Allen,* 480 F. 3d 1090, 1091 (11th Cir. 2007)).

DONE and ORDERED this the 6th day of June 2018.

                                           s/ Kristi K. DuBose  
                                           **KRISTI K. DuBOSE**  
                                           **CHIEF UNITED STATES DISTRICT JUDGE**